

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

MAGISTRATE JUDGE DENLOW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | **11 CR 0251** |
| v. ) | |
| ) | Violation: Title 18, United States Code, Section 641 |
| LADONNA JOHNSON ) | |

FILED

MAR 31 2011

Mt€ 31, 2011

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

The UNITED STATES ATTORNEY charges:

1. At times material to this Information:

    a. The Railroad Retirement Board ("RRB") operated the railroad unemployment insurance ("UI") program, which was an employer-funded program providing temporary income replacement for individual workers who lost their jobs through no fault of their own and were ready, willing and able to work on each claimed date.

    b. The unemployment insurance benefits paid by the RRB were funded by taxes paid by railroad employers, and paid out from United States Treasury funds.

    c. After a worker became unemployed, he or she was entitled to make a claim for UI benefits. To make a claim, a worker completed and signed a benefit application form, which set forth, among other things, the name of the worker's employer and the worker's name and Social Security number.

d. Once the RRB approved a claimant to receive UI payments, a UI claimant was required, approximately every two weeks, to certify, by filling out a 14-day registration claim card and mailing it to the RRB District Office in her area, certain information in order to continue receiving UI payments ("RRB certification process").

e. As part of the RRB certification process, the UI claimant was required to answer a number of questions including: (1) whether the UI claimant had worked during the certification period; (2) whether the UI claimant was able to work; (3) whether the UI claimant was ready and willing to work; and (4) whether the UI claimant had received any compensation during the certification period. After answering these questions, the UI claimant signed the certification form certifying that the answers given were true and correct and mailed the form to the RRB.

f. The RRB relied on the UI claimant's answers to the certification questions in determining whether to continue paying UI benefits to the claimant, and if so, the amount of the benefits.

g. Claimants who had worked during the relevant certification period were not entitled to UI benefits.

h. Defendant LADONNA JOHNSON was employed by Union Pacific railroad from on or about December 26, 2001, to on or about March 14, 2008. Beginning on or about March 14, 2008, defendant submitted claims for UI benefits, certifying that she had not worked and was ready and willing to work. Defendant submitted claims from on or about March 14, 2008, to on or about December 7, 2009, and received UI benefits during

that period.

      i.      Defendant LADONNA JOHNSON was employed at various times in 2008 and 2009, while collecting UI benefits, including from on or about July 14, 2008, to at least on or about November 28, 2009.

      j.      Defendant LADONNA JOHNSON fraudulently obtained and converted to her own use approximately $17,161 in UI payments from the RRB, which payments Defendant was not entitled to receive.

      2.      On or about September 9, 2008, at Melrose Park, in the Northern District of Illinois, Eastern Division,

LADONNA JOHNSON,

defendant herein, did steal, purloin, and knowingly convert to her own use money belonging to the United States, namely, approximately $610 in funds administered by the United States Railroad Retirement Board, which funds defendant was not entitled to receive;

In violation of Title 18, United States Code, Section 641.

*Patrick J. Fitzgerald* by
UNITED STATES ATTORNEY